PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WALTER M. PUGH, | ) |
| | ) CASE NO. 4:17CV2238 |
| Petitioner, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| STEVEN MERLAK, | ) |
| | ) |
| | ) **MEMORANDUM OF OPINION AND** |
| Respondent. | ) **ORDER** [Resolving ECF No. 2] |

### I. Introduction

Pending before the Court is *pro se* Petitioner Walter M. Pugh's Motion to Proceed *in forma pauperis* (ECF No. 2). Petitioner, a federal prisoner currently incarcerated at Las Vegas Community Corrections Center, filed this action seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (ECF No. 1). Petitioner contends his procedural due process rights were violated when he was found guilty by a disciplinary hearing officer of the prohibited act of possessing a hazardous tool (namely, a homemade heating device), for which he was sanctioned with, among other reasons, the loss of twenty-one (21) days of good time credit. ECF No. 1 at PageID#: 4. Petitioner's Motion to Proceed *in forma pauperis* (ECF No. 2) is granted but, for the following reasons, his Petition is dismissed.

(4:17CV2238)

## II. Standard of Review

Promptly after the filing of a habeas corpus petition, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases (applicable to petitions under § 2241 pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). No response is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Id.*

## III. Analysis

Upon review, the Court finds this Petition (ECF No. 1) must be summarily dismissed.

A federal court's ability to review a prison disciplinary determination is very limited. "When a prisoner faces the loss of good-time credits, procedural due process requires that the prisoner receive (1) written notice of the hearing; (2) an opportunity to call witnesses and present evidence; and (3) a written statement of the evidence relied upon and the reasons for the disciplinary action." *Hicks v. Fed. Bureau of Prisons*, Case No. 16-3907, 2017 WL 3468368, at *1 (6th Cir. June 5, 2017) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974)). Additionally, a finding of guilt that results in a loss of good-time credits must be upheld as long as there is "some evidence in the record" to support the decision. *Superintendent, Mass. Corr.*

(4:17CV2238)

*Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). "Some evidence," as its name suggests, is a lenient standard. *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Here, it is evident from the exhibits attached to the Petition that Petitioner was afforded due process. *See* ECF No. 1-1. Although Petitioner complains that he was issued a corrected incident report, it is evident he was afforded all the basic protections due process requires. Further, there was clearly "some evidence" in the record to support the hearing officer's determination that Petitioner possessed a hazardous tool. *See* Discipline Hearing Officer Report, ECF No. 1-1 at PageID#: 21–22.

### IV. Conclusion

Accordingly, Petitioner's motion to proceed *in forma pauperis* (ECF No. 2) is granted. For the reasons stated above, his Petition is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253(c).

    IT IS SO ORDERED.

| | |
|---|---|
| December 15, 2017 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |